UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAUN W.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C23-0672 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred by rejecting his symptom testimony and the medical opinion evidence. Dkt. 8. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 45 years old, has at least a high school education, and has worked as a machinist, awning hanger, bouncer, machine cutter, auto-detailer, tool grinder, and industrial truck operator. Admin. Record (AR) 28. In August and October 2018, Plaintiff applied for benefits, alleging disability as of June 27, 2018. AR 136–37, 151–52, 168, 185  Plaintiff's applications were denied initially and on reconsideration. AR 149, 164, 181, 198. The ALJ

conducted a hearing in August 2020 and issued an unfavorable decision. AR 37–94, 200–20. In June 2021, the Appeals Council remanded the ALJ's decision. AR 221–27. In October 2021, the ALJ held another hearing. AR 95–134. In December 2021, the ALJ issued a second decision again finding Plaintiff not disabled. AR 12–36.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.     Plaintiff's Symptom Testimony

Plaintiff testified he is unable to work because of symptoms from post-traumatic stress disorder (PTSD), which was diagnosed after a carjacking incident in June 2018. *See* AR 66–67. He explained he spends 90 to 95 percent of a typical day thinking about the incident and worrying about the individual who assaulted him, and as a result, he cannot concentrate, finish a task, or sleep well. *See* AR 66–67, 78, 82–85, 121–22. Plaintiff also testified to having depression because of the incident.[1] AR 71–72.

Where, as here, an ALJ determines a claimant has presented objective medical evidence

---

[1] Plaintiff also testified about his physical symptoms. *See* AR 67–71, 77–78, 85–86. However, in his Opening Brief, Plaintiff challenged only the ALJ's evaluation of his mental health symptoms. Dkt. 8 at 2–5. Therefore, the Court does not address the ALJ's evaluation of the other symptoms Plaintiff testified to. *Carmickle v. Commissioner*, *Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's testimony because he reported improvement from his medication. AR 23. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ's assessment is not entirely convincing as the record the ALJ cited only shows Plaintiff had no side effects from medication, not that his symptoms improved. *See* AR 1323.

The ALJ also rejected Plaintiff's testimony because it was inconsistent with objective medical evidence. AR 24. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. However, the mental status examination results cited by the ALJ do not necessarily undercut Plaintiff's testimony. There were occasions where Plaintiff had normal affect with mood and anxiety within normal limits, but other records show he was found depressed, anxious, or euthymic but with racing thoughts. *Compare* AR 1526, 1543, 1546, 1549 *with* AR 1402, 1560, 1563. Overall, the records cited do not show the ALJ's finding was supported by substantial evidence, therefore in rejecting Plaintiff's testimony for its inconsistency with objective medical evidence, the ALJ erred.

The ALJ further rejected Plaintiff's testimony because it was inconsistent with his reported activities. AR 21. "An ALJ may also consider 'whether the claimant engages in daily

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

activities inconsistent with the alleged symptoms.'" *Smartt*, 53 F.4th at 499 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007)). Here, the ALJ pointed to Plaintiff's daily activities, including preparing simple meals, caring for his dog, driving, and shopping, as well as Plaintiff's ability to go to pool halls. AR 21. The ALJ's assessment is reasonable. Plaintiff argues his ability to complete daily activities, such as preparing meals, should not detract from his credibility. Dkt. 8 at 2 (citing *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from [his] credibility as to [his] overall disability"). But daily activities "'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Smartt*, 53 F.4th at 499. Plaintiff's testimony that he is unable to concentrate or finish tasks because "95%" of a typical day is dedicated to thinking about the carjacking incident is negated by the record showing he was able to perform household chores and care for his dog. *See* AR 84. Plaintiff also argues the ALJ ignored certain details of his testimony. Dkt. 8 at 3. He points out he testified to going pool halls at the insistence of his friends and that he spends little time there. *Id*. at 3–4. But the record indicates Plaintiff willingly went to pool halls himself and engaged in social activities. *See* AR 1415 ("I beat the number one pool guy in the state… I was able to focus", "I went last night [to the pool hall] for my birthday."), 1440, 1443 ("'I went and played pool three days in a row.'" "Claimant reported engaging in social activities."). An ALJ may reject a claimant's symptom testimony when the claimant makes inconsistent statements concerning his symptoms. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Given Plaintiff's contradicting statements about his inability to perform certain activities, the ALJ could reasonably reject Plaintiff's testimony.

      Finally, the ALJ rejected Plaintiff's testimony because of his inconsistent use of

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

medication and therapy attendance. AR 23. "[I]n assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina*, 674 F.3d at 1113 (cleaned up). The ALJ's assessment is reasonable. Plaintiff argues he should not be chastised for failing to seek treatment given his mental impairment. Dkt. 8 at 5–6 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1645 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation")). However, "an 'unexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies." *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *see also* Social Security Ruling 16-3p ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). The evidence the ALJ cited shows Plaintiff does not always take his medication and misses his therapy appointments because he forgets about them, though he attended other medical appointments. *See* AR 1410, 1432, 1389, 1398, 1559. That Plaintiff was able to attend other appointments detracts from his argument that the ALJ did not consider how his impairment affected his inconsistent treatment. Therefore, in rejecting Plaintiff's testimony for this reason, the ALJ did not err.

In sum, because the ALJ provided at least one valid reason that is supported by substantial evidence to reject Plaintiff's testimony, any erroneous reasons proffered by the ALJ are rendered harmless. *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall

credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 2. Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).  The ALJ is specifically required to consider the two most important factors, supportability and consistency.  20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence.  20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th 785, 792 (9th Cir. 2022).

#### a. Dr. Gibson

Dr. Gibson opined Plaintiff would not have difficulties with completing simple and repetitive tasks and performing detailed and complex tasks.  AR 1249–50.  He opined Plaintiff would have difficulties accepting instructions from supervisors, interacting with co-workers and the public, performing work activities on a consistent basis without special or additional instructions, maintaining regular attendance, completing a normal workday/workweek without interruptions from a psychiatric condition, and dealing with the usual stress encountered in the workplace.  AR 1250.


1    The ALJ found Dr. Gibson's opinion partially persuasive. AR 26. Plaintiff contends the ALJ's evaluation of Dr. Gibson's opinion is unclear. Dkt. 8 at 5–6. The Court disagrees, as the ALJ clearly explained that Dr. Gibson's findings as to what Plaintiff did not have difficulties with were persuasive, while his findings regarding what Plaintiff did have difficulties were not persuasive. See AR 26.

   The Court now addresses whether the ALJ's evaluation is supported by substantial evidence. In rejecting the latter portions of Dr. Gibson's opinion, the ALJ explained the proposed limitations "appear to be largely based on the claimant's self-reports." AR 26. How a medical source supports his or her opinion with objective medical evidence or relevant explanations is a factor the ALJ must consider. 20 C.F.R. §§ 404.1420c(c)(1), 416.920c(c)(1). However, the Court is not convinced with the ALJ's reasoning as she does not explain how she made such a finding, and the evaluation indicates Dr. Gibson reviewed Plaintiff's records and performed a mental status examination before providing his opinion. See AR 1247–48.

   The ALJ also rejected Dr. Gibson's opinion because it was inconsistent with Dr. Andert's testimony and Dr. Horn's medical opinion. AR 26. How consistent a medical opinion is with other medical and nonmedical evidence in the record is a factor the ALJ must also consider. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The ALJ's reasoning here is not persuasive. Dr. Andert testified that due to Plaintiff's PTSD symptoms, Plaintiff would require oversight and monitoring by a supervisor. AR 48. Dr. Horn similarly opined Plaintiff is moderately limited in performing activities within a schedule and completing a normal work day or work week without interruptions from psychologically based symptoms. AR 146, 161. These findings are not necessarily inconsistent with Dr. Gibson's assessments. See AR 1250.

   In rejecting Dr. Gibson's opinion, the ALJ also pointed to Plaintiff's activities, including

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

playing pool, engaging in social supports, and giving an interview. AR 26. But the ALJ does not explain how participating in an interview (which Plaintiff reported worsened his condition) and playing pool undermine Dr. Gibson's opinion that Plaintiff would have difficulties in meeting the demands in a workplace with little to no supervision. *See* AR 1434. Thus, in rejecting Dr. Gibson's opinion for its inconsistency, the ALJ erred.

                        **b.**         **Ms. Battelle, MSW**

Ms. Battelle opined Plaintiff has moderate to marked limitations in understanding and memory, marked to extreme limitations in sustaining concentration and persistence, moderate to extreme limitations in social interaction, and marked to extreme limitations in adaptation. AR 1294–96. Ms. Battelle further opined Plaintiff's symptoms, such as hypervigilance and impaired ability to sustain concentration and memory, would "likely interfere with the requirements of regular and sustained work." AR 1296.

The ALJ found her opinion "partially supported" by her own treatment notes, but still rejected it due to inconsistencies with more recent treatment notes showing normal psychiatric findings and Plaintiff's reports of improvement. AR 26–27. The ALJ's reasoning is lacking. The evidence the ALJ cited includes a mental status examination showing Plaintiff was alert with logical, linear, and coherent thought process. AR 1402–04. However, Ms. Battelle's opinion focused on more than just Plaintiff's thought process, and the cited examinations do not necessarily relate to other portions of Ms. Battelle's opinions, including Plaintiff's limitations in social interaction and adaptation. And while the record cited does show Plaintiff reported "doing a little better with sleeping and going to bed," it also shows Plaintiff remained hypervigilant. *See* AR 1403. The record cited by the ALJ is more in line with, rather than contradictory to, Ms. Battelle's opinion.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

1     The ALJ also rejected Ms. Battelle's opinion because it was "largely based on the
2 claimant's self-reports." AR 27. Ms. Battelle provided her opinion through a questionnaire
3 prepared by Plaintiff's counsel, but the ALJ fails to show how she determined that Ms. Battelle's
4 answers were based on Plaintiff's reports rather than Ms. Battelle's own observations. *See* AR
5 1293–96.

6     Finally, the ALJ rejected Ms. Battelle's opinion because she saw Plaintiff no more than
7 three times. AR 26. The length of a medical source's relationship with a claimant is a factor the
8 ALJ can consider, but not the most important one. *See Woods*, 32 F.4th at 791–92; 20 C.F.R. §§
9 404.1520c(c)(3)(i), 416.920c(c)(3)(i). Given the reasons the ALJ provided in rejecting Ms.
10 Battelle's opinions are not provided by substantial evidence, Ms. Battelle's treatment
11 relationship with Plaintiff alone is not enough to justify the ALJ's evaluation of her opinion.

12              **c.     Dr. Ruddell**

13    Dr. Ruddell opined Plaintiff has mild to severe limitations in basic work activities. AR
14 1337. The ALJ found most of Dr. Ruddell's opinion persuasive, but rejected her proposed
15 severe limitations with Plaintiff's ability to understand, remember, and persist in tasks by
16 following detailed instructions, and Plaintiff's ability to learn new tasks. AR 27.

17    The ALJ rejected a portion of Dr. Ruddell's opinion because of its inconsistency with
18 medical evidence and Plaintiff's reported activities. AR 27. The ALJ's assessment is lacking.
19 The ALJ pointed to Dr. Andert's testimony, but Dr. Andert opined Plaintiff would be limited to
20 simple, routine, and repetitive work. AR 48. The ALJ also pointed to Dr. Horn, but he similarly
21 opined that Plaintiff "retains the ability to maintain attention/concentration to complete *routine*
22 tasks over a normal 8-hour workday with customary breaks." AR 146 (emphasis added), 161
23 (emphasis added). Unlike Dr. Ruddell, Dr. Andert did not provide any opinions about Plaintiff's

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

ability to learn new tasks.

The ALJ also pointed to Plaintiff's participation in an interview about his assault and playing pool. AR 27. However, the ALJ does not explain how these activities are necessarily inconsistent with Dr. Ruddell's opinion that he is severely limited in understanding, remembering, and persisting in detailed tasks, and learning new tasks. As the ALJ's reasoning is not supported by substantial evidence, in rejecting Dr. Ruddell's opinion, the ALJ erred.

### d.     Dr. Andert

During the 2020 hearing, Dr. Ander testified Plaintiff has marked limitations in adaptation and management under the "paragraph B" criteria of step three. AR 46–47. The ALJ incorporated Dr. Andert's testimony in his decision at step three and found Plaintiff has a marked limitation in adaptation and management. AR 19. During the hearing, Dr. Andert also opined that based on Plaintiff's impairments, he is limited to unskilled work. AR 48. He explained Plaintiff is limited to simple, routine, and repetitive work, and not capable of fast-paced work. *Id*. He opined Plaintiff should be limited to occasional contact with the general public, though Plaintiff's interactions with his coworkers or supervisors do not need to be limited. *Id*. He further opined that Plaintiff's PTSD symptoms "could involve some off task responses" therefore he may require oversight, review, and monitoring by a supervisor once per shift for five to ten minutes to ensure he remains on tasks. *See id*. In determining Plaintiff's residual functional capacity (RFC), the ALJ found Dr. Andert's opinion partially persuasive, but rejected the portion regarding Plaintiff's need to have a supervisor monitoring him once per shift for five to ten minutes because it is "not fully consistent with the record." AR 25–26.

Plaintiff contends the ALJ's assessment of Dr. Andert's testimony in general is contradictory because the ALJ accepted Dr. Andert's testimony regarding Plaintiff's marked

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10

limitation in adapting and managing oneself, but rejected the medical source's opinion about Plaintiff's off-task limitation. Dkt. 8 at 7. Plaintiff also contends the ALJ erred because a vocational expert testified that a claimant who needs to be continuously checked by a supervisor to ensure the claimant was not off task would be precluded from employment. *Id*.; AR 130–31. Therefore, according to Plaintiff, employment would not be possible. *Id*.

Plaintiff's argument assumes that an ALJ's step three discussion is the same as an ALJ's residual function capacity ("RFC") discussion. Though the ALJ did accept Dr. Andert's testimony regarding Plaintiff's marked limitation with adapting and managing oneself, she did so during step three, not during the ALJ's RFC assessment. *See* AR 19. Step three and an ALJ's RFC determination address different aspects of the disability evaluation. At step three, the ALJ determines whether a claimant's impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. 2 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). At the RFC stage, the ALJ must assess all relevant evidence to determine the claimant's RFC to perform work-related activities, despite the limitations imposed by his severe impairment or combination of impairments. 20 CFR §§ 404.1520(e), 416.920(e); SSR 96–8p.

However, the ALJ's rejection of Dr. Andert's opinion regarding Plaintiff's need to have supervision for five to ten minutes is not supported by substantial evidence. The records the ALJ cited include normal psychiatric findings. AR 621–22, 630, 1247, 1249–50, 1257. But they also include conflicting evaluations showing Plaintiff had "marked," "severe," or "extreme" limitations in functionalities involving sustaining concentration and persistence. *See* AR 1294–95, 1337. In Dr. Gibson's evaluation, Plaintiff was found to have concentration, persistence, and pace "within normal limits," but was ultimately assessed as having difficulties with performing

work on a consistent basis without special or additional instructions.  *See* AR 1250.  Other treatment notes also show Plaintiff was easily distracted, endorsed hallucinations, and had problems with short memory.  AR 1323.

   The ALJ also cited treatment notes showing Plaintiff was "doing well" and endorsing "the efficacy of his medication in controlling flashbacks."  AR 26.  But the record shows Plaintiff continued to be hypervigilant.  *See* AR 1403.  The ALJ also pointed out that at the time Plaintiff was not complaint with therapy, Plaintiff was able to participate in an interview about his assault, playing pool, and engaging with social supports.  AR 26.  But the ALJ does not explain how Plaintiff's ability to do so is necessarily inconsistent with Dr. Andert's opinion about Plaintiff needing supervision to make sure he does not stay off task.

   In sum, while there was no contradiction between the ALJ's acceptance of Dr. Andert's testimony at step three and the ALJ's rejection of Dr. Andert's opinion at the RFC stage as Plaintiff argues, the Court finds the ALJ's rejection of Dr. Andert's opinion not supported by substantial evidence.  However, as further explained in the next section, the ALJ's erroneous evaluation warrants a remand for further administrative proceedings, rather than an award of benefits.

   **3.** **Scope of Remedy**

   Plaintiff requests the Court remand this case for an immediate award of benefits.  Dkt. 8 at 8.

   Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 12

has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings."  *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

      Only the first step is met here, as the Court has found the ALJ erred in evaluating the medical opinion evidence about Plaintiff's mental impairments.  However, the opinions discussed above remain contradicted by other evidence in the record, including Dr. Horn's medical opinions.  *See* AR 145–47, 160–62.  The ALJ must resolve the contradicting evidence before the Court can proceed to the third step.  *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Plaintiff also has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

      On remand, the ALJ shall reevaluate the medical opinion evidence and all relevant steps of the disability evaluation process, and conduct any necessary proceedings to reevaluate the

disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 14